UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MYRON FRANKLIN,
     Plaintiff,

vs.                                    Case No.: 3:21cv798/MCR/ZCB

JEFFREY NOUSIAINEN, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a *pro se* prisoner who has sued seven corrections officers and two nurses for civil rights violations under 42 U.S.C. § 1983. Plaintiff claims the corrections officers violated the Eighth Amendment by either using excessive force or failing to intervene when others used excessive force. He further claims the nurses were deliberately indifferent to his serious medical needs, also in violation of the Eighth Amendment. The two nurses have moved to dismiss for failure to state a claim and for insufficient service of process. (Doc. 69). Plaintiff has not responded. As explained below, Defendants' motion to dismiss should be denied.

### I.      Background

On June 19, 2018, Plaintiff was an inmate at Okaloosa Correctional Institution (OCI). (Doc. 49 at 5). Defendants Chopp, Nousiainen, Gennaro, and Twiddy were employed at OCI as corrections officers. Defendants Matthews and Coultas were escorting Plaintiff from the dormitory to medical for a pre-confinement assessment,

and Plaintiff's hands were handcuffed behind his back. (*Id.*). During the escort, Defendant Matthews allegedly punched Plaintiff in the face. (*Id.*). The punch allegedly knocked Plaintiff to the ground, and Plaintiff alleges Defendant Matthews proceeded to "punch" Plaintiff "4 or 5 times" while he was on the ground. (*Id.*). Plaintiff alleges Defendant Matthews then "placed both of his hands on the side of [Plaintiff's] face and started smashing [Plaintiff's] face into the ground." (*Id.*).

As Plaintiff was face-down on the ground, Defendant Twiddy allegedly applied pressure to his elbows, causing Plaintiff's handcuffs to cut into his wrists. (*Id.*). He further claims that Defendant Twiddy "picked [him] up in the air and slam[ed] [him] into the ground [,] injuring [his] right shoulder." (*Id.*). And he claims Defendant Twiddy pushed Plaintiff's "arms and hands violently up and forward" while Plaintiff was handcuffed on the ground. (*Id*. at 6).

As to Defendant nurses, Plaintiff states that "right after the [alleged] use of excessive force[,]" Defendant M. Scott asked Plaintiff, from about six to eight feet away, whether Plaintiff had any injuries, to which Plaintiff replied, "yes ma'am the officers [ ] hurt my shoulders and my wrist." (*Id.*). Plaintiff alleges that Defendant M. Scott then "rudely cut [Plaintiff] off[,] stating no, no, no[,] I don't want to hear about that" and did not attempt to treat Plaintiff's injuries. (*Id.*). Additionally, Plaintiff contends that ten days after the accident, on June 29, 2018, Defendant Nurse Davis "falsified [Plaintiff's] medical records and would not document all of

[Plaintiff's] injuries caused by the [D]efendants . . . w[hen] I kept telling her where I was injuried (sic)." (*Id.* at 16).  Plaintiff admits that, at that time, the injuries were "not fresh" because this exchange occurred ten days after the alleged use of excessive force, "[b]ut the damage to my shoulders and ankles w[as] still visibly swollen." (*Id.*).  According to Plaintiff, he has suffered "permanent damage to both of [his] shoulders" and "damage to both of [his] ankles" as well as continual "pain in [his] lower" back as a result of the alleged excessive force.  (*Id.* at 6-7).  And he claims the two Defendant nurses failed to treat those conditions, which resulted in him waiting three months to be seen by a doctor for his injuries.  (*Id.* at 15-16).

## II.    Discussion

### A. Motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a complaint's allegations are taken as true and construed in the light most favorable to the plaintiff.  *Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent

with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). A complaint does not need detailed allegations to survive a motion to dismiss, but it does need "more than unadorned, the-defendant-unlawfully-harmed-me" accusations. *Id*.

Although they remain subject to the Federal Rules of Civil Procedure, pleadings filed by *pro se* litigants are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Similarly, a *pro se* complaint "must be held to less stringent standards than [a] formal pleading drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reversing a district court decision dismissing a *pro se* prisoner's deliberate indifference claim against prison medical personnel).

B. *Eighth Amendment deliberate indifference standard*

The Eighth Amendment forbids the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has held that it is "cruel and unusual punishment" for prison officials to act with "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). That means prison officials are obligated to provide prisoners with "minimally adequate medical care." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). Minimally adequate medical care is not "perfect, the best obtainable, or even very good." *Id.* at 1510 (cleaned up). The deliberate indifference standard is met only if

4

medical care is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* at 1505-06 (cleaned up).

To prevail on a deliberate indifference claim, a plaintiff must first show an "objectively serious medical need." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (cleaned up). A medical need is objectively serious if it "has been diagnosed by a physician as mandating treatment" or one that obviously warrants a physician's attention and "poses a substantial risk of serious harm" if left unattended. *Id.* (cleaned up). Second, a plaintiff must prove that prison officials (1) had "subjective knowledge of a risk of serious harm", (2) "they disregarded that risk", and (3) did so in a manner that "was more than mere negligence." *Id.* (cleaned up).

C. *Plaintiff's deliberate indifference claim against Defendants Davis and M. Scott*

The nurse Defendants, Davis and M. Scott, have moved to dismiss Plaintiff's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 69 at 5-8). According to the motion, "Plaintiff does not allege what specific injuries he was not treated for" when he saw a doctor approximately three

---

[1] Defendants also moved to dismiss on grounds of insufficient service of process, but they have since completed and filed waivers of service. (Docs. 74, 76). Thus, their argument to dismiss based on insufficient service is now moot.

months after the alleged use of excessive force, and Plaintiff's pleading "fails to make any allegations that he was suffering from a serious medical need that was not addressed." (Doc. 69 at 8).

Defendants' argument lacks merit. Accepting Plaintiff's allegations as true and liberally construing his complaint as the Court must at this stage, Plaintiff has sufficiently alleged a serious medical need as required for a deliberate indifference claim. Plaintiff has alleged "permanent damage" to his shoulders, damage to his ankles and wrist, as well as continuous back pain since the date he claims the corrections officers used excessive force against him. (Doc. 49 at 5-6). Such allegations of "permanent" injury and continuous pain are sufficient to plausibly state a serious medical need. *See, e.g.*, *Bailey v. Santiago*, No. 4:15cv630, 2017 WL 2471055, at *4 (N.D. Fla. May 3, 2017) (denying motion to dismiss where prisoner claimed that he suffered a rotator cuff injury to his shoulder); *Reneau v. Cardinas*, 852 F. App'x 311, 313 (10th Cir. 2021) (reversing district court's grant of summary judgment where prisoner claimed that a nurse was deliberately indifferent by failing to examine his shoulder and leg injuries); *Cordero v. Ahsan*, 452 F. App'x 150, 153-54 (3d Cir. 2011) (reversing district court's dismissal of a deliberate indifference claim and holding that the plaintiff's allegation that he received "no treatment for his shoulder since he felt it 'pop'" was sufficient to state a claim).

6

Additionally, Plaintiff has sufficiently alleged that both nurse Defendants had subjective knowledge of Plaintiff's injuries.  According to the complaint,  Plaintiff verbally informed each nurse of his injuries.  Further, Plaintiff has sufficiently alleged that nurse Defendants recklessly disregarded a serious risk of harm to Plaintiff by expressly declining to treat Plaintiff's injuries despite their subjective knowledge of his alleged pain and injuries. *See McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999) ("[P]rison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain."); *Monteleone v. Corizon*, 686 F. App'x 655, 658 (11th Cir. 2017) (cleaned up) (explaining that reckless disregard occurs when the defendants "decid[e] to take an easier but less efficacious course of treatment or provid[e] treatment so cursory as to amount to no treatment at all"); *see also Harris v. Coweta Cnty.*, 21 F.3d 388, 394 (11th Cir. 1994) (holding that deliberate indifference may exist when treatment is delayed by "several weeks").  At this stage, Plaintiff's allegations that Defendant nurses declined to treat him—despite their subjective knowledge of his injuries—are sufficient to plausibly allege deliberate indifference in violation of the Eighth Amendment.

Plaintiff's amended complaint, when liberally construed and its allegations accepted as true, is sufficient to plausibly allege a deliberate indifference claim. Defendants' motion to dismiss, therefore, should be denied.  This case should be

permitted to proceed to the summary judgment stage where the Court can consider the viability of Plaintiff's claims on a more fully developed record.

### III.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the motion to dismiss filed by Defendants Davis and M. Scott (Doc. 69) be **DENIED**.

At Pensacola, Florida this 15th day of February 2023.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**